# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES KEITH BROSKE,

               Plaintiff,

v.

KATHLEEN KINNEY and
MILWAUKEE COUNTY STATE
DISTRICT BUILDING,

               Defendants.

Case No. 18-CV-782-JPS

**ORDER**

      Plaintiff James Keith Broske, proceeding *pro se*, filed a complaint in this matter and a motion for leave to proceed *in forma pauperis*. (Docket #1, #2). In order to allow a plaintiff to proceed without paying the $400 filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B).

      On the question of indigence, although Plaintiff need not show that he is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), it must be remembered that the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Plaintiff avers that he is unemployed, unmarried, and has no dependents. (Docket #2 at 1). He earns nearly $1,000 per month in disability payments, and his expenses total approximately $650 each month. *Id.* at 2–3. He has no assets of any kind nor any savings. *Id.* at 3–4. On these averments, the Court finds that Plaintiff is indigent. He

will be granted leave to proceed *in forma pauperis* and will not be required to prepay the filing fee in this action.

Notwithstanding the payment of any filing fee, however, when a plaintiff requests leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that he is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary to plead specific facts; rather, the plaintiff's statement need only "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

*Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Plaintiff's complaint falls short of even this low bar. He has sued his sister, Kathleen Kinney ("Kinney"), complaining that she will not "leave him alone." (Docket #1 at 4). His allegations are nearly unintelligible, but the Court gathers that in May 2018, Kinney expressed a desire to speak with him. *Id.* at 2. They spoke over the phone with Plaintiff's "case manager" present. *Id.* Kinney reported that she went to Plaintiff's prior address and was given two checks, one from the State of Wisconsin for Social Security supplemental income and the other from the Veterans Administration for a pension, by a resident there. *Id.* at 2–3. Plaintiff told Kinney to send the checks by mail to his current address. *Id.* at 3.

Apparently, Plaintiff does not want his sister to find him or have contact with him. *See id.* He states that he told her over the phone to "stop looking for me and telling me lies about my previous landlords." *Id.* Plaintiff contends that Kinney is harassing him, invading his privacy, making false accusations against him, and telling others his private financial and personal information. *Id.* at 4.

These allegations do not give rise to federal subject-matter jurisdiction. A federal court's jurisdiction is generally limited to two types of suits: (1) those between citizens of different States, called "diversity" jurisdiction, pursuant to 28 U.S.C. § 1332; and (2) those involving causes of action arising under federal law, known as "federal question" jurisdiction, pursuant to 28 U.S.C. § 1331. First, Plaintiff and his sister are both Wisconsin residents, so there can be no diversity jurisdiction in this case. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *McCready v. eBay, Inc.*, 453 F.3d 882,

891 (7th Cir. 2006). Second, there is no federal cause of action raised by any of Plaintiff's allegations. He cites no federal law providing a cause of action for invasion of privacy or harassment, which are generally matters of state law. Thus, the Court cannot exercise subject-matter jurisdiction over Plaintiff's claims.[1]

To be sure, there are numerous other problems with Plaintiff's complaint, including the general incoherence of his allegations. But because the Court has found that it lacks subject-matter jurisdiction over this action, it must end its analysis without addressing these questions. *See Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). As a result, the Court will dismiss this action for want of jurisdiction.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of May, 2018.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

---

[1] Plaintiff names the "State District Building Milwaukee County City of Milwaukee" as a defendant, (Docket #1 at 1), but says nothing about it except that it is a location from which he received some returned mail, *id.* at 3. Even if a building was a suable entity—it is not—there is no hint that any wrongdoing occurred in it, and certainly nothing that violated federal law.